**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

PATRICK LYNN,    )
                 )
     Plaintiff,  )    **CIVIL ACTION**
                 )
v.               )    No. 12-3104-MLB
                 )
LEONARD MADDOX and ANTHONY HUGHES, )
                 )
     Defendants. )

## MEMORANDUM AND ORDER

Plaintiff has filed his response to defendants' motion to dismiss (Doc. 38). He has abandoned his official capacity claims against the defendants who have not filed a reply.

The files and records show that counsel, Robert C. Sullivan and Timothy Morgan, represented plaintiff when this case was filed on April 26, 2012. The filing fee was paid. Counsel continued to represent plaintiff until they were permitted to withdraw in January 2013 (Doc. 26). Since that time, plaintiff has proceeded pro se.

Defendants have moved to dismiss on three grounds: (1) Eleventh Amendment immunity from the official capacity claims; (2) statute of limitations as to defendant Hughes; and (3) qualified immunity on the use of excessive force claim against Maddox. Ground (1) is moot. The court first will consider Hughes' statute of limitations defense.

### Hughes

Plaintiff's claim against Hughes allegedly arises out of an incident which occurred on February 15, 2010. Plaintiff seeks to avoid the 2-year limitation by asserting that the administrative grievance process took in "excess of 60 days" but he does not state

when his administrative claim was finally denied. All plaintiff provides is an interdepartmental memorandum which purports to show that on May 24, 2011 he agreed to his team manager's request for additional time to respond to his grievance. But he provides no evidence that the administrative grievance even pertained to Hughes.

Plaintiff says he was "unconditionally released from segregation" on May 25, 2011. At that point, if not before, plaintiff had until February 2012 to file his complaint. If plaintiff is attempting to raise equitable tolling as to the untimely claim against Hughes (he does not use that term), his responses fail to show that exceptional circumstances prevented his <u>lawyers</u> from filing a timely claim. The court rejects plaintiff's assertions that prison officials did not provide sufficient stamps and confiscated his legal material. Plaintiff has filed 29 cases in this court and at least 4 cases in state court. These facts, standing alone, belie any suggestion that plaintiff has been denied access to this, or any, court.

Plaintiff next contends that allegations against Hughes "relate back" to another case his lawyers filed in this court. In case no. 11-3073, filed by counsel on December 6, 2011 (Doc. 24), Hughes was named in connection with the February 15, 2010 "dog strap" incident alleged in this case. Many other defendants were sued, as well. By Memorandum and Order of March 28, 2012 (Doc. 33), Judge Julie Robinson dismissed the claims against Hughes, without prejudice, and permitted the filing of an amended complaint. When counsel filed the amended complaint on April 25, 2012 (Doc. 34), the February 15, 2010 incident was not alleged and Hughes was not named as a defendant. The "relation back" provisions of Fed. R. Civ. P. 15(c) do not apply.

Marsh v. Soares, 223 F.3d 1217, 1219-20 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

Plaintiff's claims against Hughes are dismissed, with prejudice.

## Maddox

The court now will consider Maddox's defense of qualified immunity. The complaint, prepared by counsel, alleges the following:

> On February 13, 2011 Defendant Maddox attacked Plaintiff while he was lying on the floor face down and on his side.
>
> Plaintiff was naked and spitting blood, because he had been roughed up and pinned down, he was also already shackled at the legs and hands.
>
> Plaintiff tried to twist on his side as opposed to laying still on his stomach to alleviate the severe pain that had already been caused to him at which point Defendant Maddox further kneed Plaintiff in the mouth so hard that it broke his dental bridge and anchor teeth.
>
> Defendant Maddox then cut off Plaintiff's knee brace even though he knew that Plaintiff was unable to walk the distance that Defendant Maddox wanted him to with his legs being shackled and with his waist restrained because Plaintiff had a knee injury.
>
> Prior to February 13, 2011 Plaintiff had filed grievances against Defendant Maddox for excessive use of force and for his retaliation against Plaintiff for exercising his prisoner rights.

(Doc. 1 at 4).

Pursuant to 42 U.S.C. section 1983, any person who "under color of . . . [law] . . . subjects, or causes to be subjected, . . . any [person] . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." To state a claim for relief in a section 1983 action, plaintiff must establish that he was (1) deprived of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed under color of state law. See Am. Mfr's. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). There is no dispute that defendants were acting under color of state law.

When a defendant claims qualified immunity, the plaintiff bears the burden of (1) coming forward with sufficient facts to show that the defendant's actions violated a constitutional right and (2) demonstrating the right allegedly violated was "clearly established" at the time the conduct occurred. Pearson v. Callahan, 129 S. Ct. 808, 815, 172 L. Ed.2d 565 (2009). "Although summary judgment provides the typical vehicle for asserting a qualified immunity defense, [the court] will also review this defense on a motion to dismiss" but will "not dismiss a complaint 'for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Peterson v. Jensen, 371 F.3d 1199, 1201-02, (10th Cir. 2004) (quoting Currier v. Doran, 242 F.3d 905, 917 (10th Cir. 2001)).

Plaintiff contends that Maddox violated his Eighth Amendment right to be free from excessive force. The Eighth Amendment states

-4-

that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has said that the use of excessive force against a prisoner can violate the Eighth Amendment, stating that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed.2d 251 (1986)(internal citations omitted). An excessive force claim involves two prongs: "(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials act[ed] with a sufficiently culpable state of mind." Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003).

Maddox contends that plaintiff's claim fails to establish the objective prong because the allegations indicate no more than a single instance of de minimis force. Maddox cites to Marshall v. Milyard, No. 10-1104, 2011 WL 285563 (10th Cir. Jan. 31, 2011) and Hughes v. Sedgwick County Sheriff, No. 08-3006, 2011 WL 112050 (D. Kan. Jan. 13, 2011), to support his position. In Marshall, a prisoner brought a section 1983 claim against a guard after the guard dug his fingers into the plaintiff's arm and resulting injury was a large bruise. The Tenth Circuit determined that the allegations established the subjective prong but failed to meet the objective prong. The Tenth Circuit cited to various cases alleging pushes and shoves by officers. This case, however, is distinguishable. The allegations are that plaintiff was kneed in the mouth while laying on the floor naked and

-5-

in restraints, resulting in plaintiff's mouth sustaining serious injuries, not mere bruises.

In Hughes, the district court dismissed the plaintiff's excessive force claim because the allegations failed to allege any physical injury that resulted from the officer's contact with the plaintiff. Again, the allegations here are distinguishable.

Based on the allegations, which the court must view in a light most favorable to plaintiff, Maddox's conduct was objectively harmful enough to establish a constitutional violation. Turning to the second element, the court must find that Maddox acted maliciously and sadistically. In making this determination, the court must "balance the need for application of force with the amount of force used." Mitchell v. Maynard, 80 F.3d 1433, 1440 (10th Cir. 1996). In Mitchell, the plaintiff was naked and shackled and on the ground when the guards beat him. The Tenth Circuit found that the subjective element was met because there was no evidence that the plaintiff had acted inappropriately or posed any threat to the guards at the time of the beating. As in Mitchell, there is no evidence that plaintiff posed any threat or that he was acting inappropriately. The only allegation was that plaintiff twisted on the floor prior to the assault. Therefore, the court finds that the second prong has been met.

Finally, Maddox contends that plaintiff cannot establish that his right to be free from excessive force was clearly established because there is not a Tenth Circuit case with facts similar to this one. "In determining whether the right was 'clearly established,' the court assesses the objective legal reasonableness of the action at the

time of the alleged violation and asks whether 'the right [was] sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting Wilson v. Layne, 526 U.S. 603, 615 (1999)). There are numerous Tenth Circuit cases which discuss the appropriate level of force to use in prisoner situations. The Tenth Circuit does not require the heightened standard Maddox suggests. The court finds that a restrained inmate's right to be free from an unreasonable and unnecessary use of force was clearly established at the time of this incident. Mitchell, 80 F.3d at 1447.

## Conclusion

Defendant Hughes' motion to dismiss is granted, with prejudice. No motion to reconsider, regardless of how it is styled, may be filed. Defendant Maddox's motion to dismiss is denied, without prejudice. This case is returned to the magistrate assigned to conduct discovery limited to the issue of qualified immunity. The magistrate judge is encouraged to acquaint himself with plaintiff's proven record of filing, or attempting to file, prolix and unauthorized submissions. The magistrate judge may wish to consider filing restrictions, including page limitations and a requirement that any submission by plaintiff be double-spaced and in legible handwriting, as well as limitations as to the number and type of exhibits. These are merely suggestions, not orders. This court will leave to the magistrate's sound discretion the best way to permit this case to move forward under applicable rules, including Fed. R. Civ. P. 1, and case law.

IT IS SO ORDERED.

Dated this __1st__ day of May 2013, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE