# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK LYNN, )
 )
         Plaintiff, )
 ) Case No. 12-3104-MLB-KGG
vs. )
 )
LEONARD MADDOX, )
 )
         Defendant. )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 67) and Motion for Leave to File an Amended Complaint (Doc. 68). The parties appeared before the Court telephonically on September 18, 2013, for a status conference at which time the Court addressed these two motions. The Court did not, however, allow further argument from the parties as this would not have assisted the Court in its determination of these issues.[1] Plaintiff's motions are **DENIED**.

Plaintiff, who currently represents himself *pro se*, is an inmate whose claims arose while he was confined in a Kansas Department of Corrections ("KDOC")

---

[1] The Court previously granted Plaintiff's request for additional time to file a reply to Defendant's response to these motions. (*See* Doc. 84.) The Court has determined, however, that additional argument would not be of assistance. Plaintiff, therefore, shall not file any such reply.

facility. He initially brought excessive force claims, with the assistance of counsel, against two officers (Leonard Maddox and Anthony Hughes) employed at the El Dorado, Kansas, correctional facility. (*See generally* Doc. 1.) The District Court entered a Memorandum and Order granting, with prejudice, a motion to dismiss filed by Hughes and denying, without prejudice, the motion to dismiss against Maddox. (*See* Doc. 42.)

Plaintiff now seeks to supplement his Complaint with additional facts that have allegedly occurred since the filing of the Complaint. (Doc. 67.) The Court finds that the proposed supplementations are unnecessary. As such, the motion is **DENIED**. The Court is not, however, holding that Plaintiff is prohibited from attempting to prove these allegations as the case moves forward. Rather, the Court is merely finding that the supplementation of the Complaint to contain these additional facts is unnecessary.

Plaintiff additionally moves to amend his Complaint "to resubmit previously named defendants, facts and claims as relate back to the date of the original complaint" that were "deleted" by Plaintiff's former counsel. (Doc. 68.) Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the

opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir.1992); *see* 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 642 (1990).

The Court finds that given the status of the case – and length of time it has been pending, there is no justification to add new Defendants or new claims. The Court further finds that Plaintiff's requested amendments are futile. The Court agrees with Defendant's assertion that the proposed Amended Complaint "contains nothing but vague allegations against the proposed defendants collectively" which "do not provide fair notice to Defendant Maddox and the fifty other proposed defendants as to the nature of the claims against them and the grounds on which the claims rest." (Doc. 77, at 4-5, *quoting* *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).)

Further, the Court finds that Plaintiff's proposed claims are barred by the applicable statute of limitations. Even assuming Plaintiff did not agree with his attorney's decision to omit these claims and potential Defendants from his initial Complaint, his reliance on counsel does not toll the statute of limitations. *See Myers v. City of Loveland, Colo.*, No. 12-2317-REB-KLM, 2013 WL 3381276, at *9 (D. Colo. July 8, 2013) (internal citation omitted). Plaintiff's Motion for Leave to Amend (Doc. 68) is **DENIED**. Because the Court has determined that Plaintiff's proposed claims are barred by the applicable statute of limitations, the Court need not address Defendant's arguments of prejudice and undue delay, regardless of their potential merit.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File a Supplemental Complaint (Doc. 67) and Motion for Leave to File an Amended Complaint (Doc. 68) are **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of September, 2013.

 S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge