IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK LYNN, )
)
Plaintiff, )
) Case No. 12-3104-MLB-KGG
vs. )
)
LEONARD MADDOX, )
)
Defendant. )
_____ )

## **PROTECTIVE ORDER**

This matter comes before the Court on Defendant's Motion for a Protective Order (Doc. 74) pursuant to Fed.R.Civ.P. 26(c). The parties appeared before the Court telephonically on September 18, 2013, to discuss this and other related matters currently pending, including, but not limited to, Plaintiff's Motion for Order (Doc. 79) and Motion to Compel (Doc. 80).

Plaintiff is an inmate whose claims arose while he was confined in a Kansas Department of Corrections ("KDOC") facility. According to the parties, Plaintiff's discovery requests have called into question information in the possession, custody or control of the KDOC: specifically, information pertaining to the security and operations of KDOC correctional facilities, inmate medical and mental health records, facility personnel records, personal contact information of

KDOC current and former employees and other identifying information, documents containing private information about other inmates, and information that discloses confidential sources or intelligence gathering methods ("Confidential Information"). Defendant argues that the potential disclosure of such information necessitates a Protective Order to protect the discovery and dissemination of confidential or proprietary information or information which could improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, or generally impact the security or safety of the facility, KDOC employees, and/or other inmates.

IT IS THEREFORE ORDERED:

1. This Protective Order shall apply to all Confidential Information contained in documents, materials, and information disclosed in this case pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. "Confidential Information" means proprietary information or information which could improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, or generally impact the security or safety of the facility, KDOC employees, and/or other inmates.

3. Defendant shall mark documents containing Confidential Information (as defined in ¶ 2 of this Protective Order) that are produced to Plaintiff as "Confidential." The use and disposition of such document shall then be governed by this Order until and unless the designation is overruled by the Court.

4. In an effort to facilitate discovery in this civil action, the Court will restrict use of certain information, deemed "Confidential Information," to discovery proceedings before this Court, preparation for trial, and trial of this civil action. All Confidential Information produced by a party during discovery in this case shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever.

5. Information that pertains to the security operations of the KDOC, discloses private identifying information of staff, or discloses confidential sources or intelligence gathering methods shall be identified as confidential within the parameters of this Order. In addition, such confidential information may be redacted to protect the security of KDOC correctional facilities, the privacy of other inmates and staff, and confidential sources or intelligence gathering methodology. This includes information which Defendant contends would compromise the security or safety of the facility, staff, or inmates.

6. To the extent documents produced by Defendant contain redactions, Defendant is ordered to compile and provide to Plaintiff a "redaction log," similar in form and function to a privilege log, explaining the nature of the information redacted. Defendant will also provide a copy of the "redaction log" to the undersigned Magistrate Judge as well as <u>unredacted</u> copies of documents produced to allow the Court to determine, *in camera*, if the information has been properly redacted. These will be scanned and provided electronically to Chambers and <u>not</u> filed in the case.

7. Plaintiff has served two sets of discovery requests on Defendant, for which he is awaiting a response. As stated at the status conference, Defendant's filing of his Motion for Protective Order (Doc. 74) stayed Defendant's obligation to respond to the discovery pending a decision from the Court on that motion. As such, Defendant shall provide written discovery responses and responsive documents to Plaintiff within 14 (fourteen) days of this Order, including documents marked "CONFIDENTIAL" and/or redacted pursuant to this Order.

8. The Court will not require or encourage Plaintiff to file any additional motions to compel or other motions relating to the document production at this time. Rather, the Court will discuss the discovery responses with the parties at an additional telephonic status conference set for **October 29, 2013**, at 10 a.m. If

Plaintiff believes that documents have been improperly withheld or information has improperly been redacted, he shall raise any such concerns and arguments with the Court at that time. Also at that status conference, the Court will address the issue of the discovery deadline in this case and, if necessary, modify it at that time.

9. Regardless of any "policies" in place, Plaintiff's medical records are directly relevant to his claims. Defendant shall produce to Plaintiff copies of his medical records as requested. The Court notes that Plaintiff has affirmatively stated that he has no concerns regarding the security of these medical records once in his possession.

10. Any Confidential Information provided to Plaintiff by Defendant shall not be used other than for this lawsuit, and shall not be made public or otherwise disseminated except as allowed by this Protective Order. Plaintiff is prohibited from disclosing Confidential Information to any individual other than:

    a. those individuals affiliated with the Kansas Attorney General's Office who are working on this case;

    b. any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

    c. the Court, Court personnel or members of the jury; and

d.   other persons by written agreement of the parties.

11.   Within 14 days of the completion of the case, Plaintiff will return all documents (including any and all copies made of the documents) covered by this Protective Order to the opposing party's counsel or will certify to opposing counsel that the documents have been destroyed.

12.   Nothing in this Protective Order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential Material.

13.   This Protective Order may only be modified by further order of the Court.

14.   Nothing in this Protective Order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (Doc. 74) is **GRANTED in part** and **DENIED in part** as set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order (Doc. 79) and Motion to Compel (Doc. 80) are **DENIED as moot** as Defendant's responses to the discovery were stayed pending a determination of Defendant's Motion for Protective Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 18th day of September, 2013.

                                             S/ KENNETH G. GALE
                                             Kenneth G. Gale
                                             United States Magistrate Judge