# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PATRICK LYNN, )
)
        Plaintiff, )
) Case No. 12-3104-MLB-KGG
vs. )
)
LEONARD MADDOX, )
)
        Defendant. )
_____ )

## MEMORANDUM AND ORDER

This matter comes before the Court on the following motions filed by Plaintiff, all relating to the issuance of a subpoena to by Plaintiff to Ray Roberts, the Secretary of the Kansas Department of Corrections (*see* Doc. 108, at 3-10). The motions filed by Plaintiff that are resolved by this Order are:

    A.    "Motion for Intervention re Service of Subpoena to Produce Documents with Request for Telephonic Oral Arguments" (Docs. 103, 104);

    B.    "Motion for Subpoena Service by U.S. Marshal's Ofc." (Doc. 105);

    C.    "Notice of Subpoena Service by Certified Mail & Request for Order" (Doc. 108); and

    D.    "Motion for Order Compelling Production of Documents & Telephone Hearing" (Doc. 121).

Also implicated is the "Motion to Quash and Objections to Subpoena" filed by non-party Raymond Roberts, Secretary of Kansas Department of Corrections. (Doc. 118.)

The Court is aware of the procedural deficiencies of Plaintiff's attempts to execute the subpoena and resulting motions. The Court is also mindful of the limited scope of discovery in the case following the District Court's Memorandum & Order on Defendants' Motion to Dismiss. (*See generally* Doc. 42.) In that Order, the District Court dismissed Plaintiff's claims against Defendant Hughes and denied the motion to dismiss the claims against Defendant Maddox. (*Id*.) The District Court thus returned the case to the undersigned Magistrate Judge "to conduct discovery limited to the issue of qualified immunity" of the remaining Defendant, Leonard Maddox. Maddox is the correctional officer implicated in Count II of Plaintiff's Complaint who Plaintiff alleges used excessive force on him at the El Dorado Correctional Facility on February 13, 2011. (Doc. 1, at 4.)

Even so, the Court finds that Plaintiff's subpoena does request some information that is relevant to the limited issue of Maddox's qualified immunity in regard to the February 13, 2011, incident. In the interest of judicial economy and case management, the Court will address, in turn, the categories of information

enumerated in Plaintiff's subpoena (Doc. 108, at 6-8) and order the production of relevant information, where noted, at no cost to Plaintiff.

1. **KDOC IMPPs**. The first category lists numerous internal management policies of the Kansas Department of Corrections. Without a discussion of what these policies entail and/or cover, the Court cannot determine whether they are relevant to the limited issue of Maddox's qualified immunity. As such, the recipient of the subpoena will not be required to produce the documents contained in this category.

2. **LCF G.O.s**. This category appears to be a list of general orders from the Lansing Correctional Facility. The incident at issue involving Plaintiff and Maddox occurred at the El Dorado Correctional Facility. (Doc. 1, at 4.) As such, information regarding the Lansing Correctional Facility is, without further explanation, *per se* irrelevant to the issue of Maddox's qualified immunity during the February 13, 2011, incident. The recipient of the subpoena will not be required to produce the documents contained in this category.

3. **EDCF general orders index**. This request is arguably relevant as it relates to the El Dorado Correctional Facility. The Court, however, limits the request to the index in effect on February 13, 2011. Such information shall be produced within 30 days of the date of this Order.

3

4. **Plaintiff's signed refusal for treatment documents**. This category is arguably relevant to the extent it is limited to treatment offered as a result of the February 13, 2011, incident. Such information shall be produced within 30 days of the date of this Order.

5. **Narratives, sworn statements**. This category references Exhibit B to the subpoena (Doc. 108, 10), which includes mention of Plaintiff's grievance. To the extent the grievance referenced relates to the February 13, 2011, incident, this category is relevant. Such information shall be produced within 30 days of the date of this Order.

6. **Post-duty position statements regarding Chris Ross's job duties as grievance officer**. Based on the information contained in the subpoena the Court finds that this information is irrelevant to the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

7. **Investigation reports by Ross or other LCF staff person**. This category, as written, relates to the Lansing Correctional Facility. The Court sees no relevance to the issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

8. **Personnel disciplinary action records**. The Court finds this category to be relevant as limited to Officer Maddox and his involvement in the February 13, 2011, incident. Such information shall be produced within 30 days of the date of this Order.

9. **Documents regarding action by Chris Ross**. As this category is written, the Court sees no relevance to the issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

10. **Documents regarding KDOC legal duties as to Maddox's "boasts" in May 24, 2011 to the present**. As written, the Court sees no relevance to the issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

11. **Use of Force training videos**. The Court finds this category to be relevant as limited to such videos in effect at the El Dorado Correctional Facility on February 13, 2011. Such information shall be produced within 30 days of the date of this Order.

12. **EDCF grievances regarding excessive use of force**. The Court finds this category to be relevant as limited to any grievances regarding or involving

Officer Maddox from January 2008 through the present. Such information shall be produced within 30 days of the date of this Order.

13. **Civil Rights lawsuits against EDCF staff**. This category would be more appropriately framed as an interrogatory to Defendant Maddox than as a subpoena to a non-party. In the interest of judicial economy, the Court instructs the recipient to provide a list of such civil rights lawsuits, if any, alleging claims of excessive force against Officer Maddox from 1999 through the present. As to each such lawsuit, the recipient shall provide the full case caption (including all named parties), case number, and describe the disposition of the case (including any monetary awards by a court or indicating whether a settlement was reached). Such information shall be produced within 30 days of the date of this Order.

14. **Summary of civil right suits**. This category goes well beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

15. **Regulations regarding time limits by medical staff to impose liquid diets**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

16. **Regulations regarding storage of forced cell movement videotaping**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The Court notes that the video recording of the incident at issue has been produced to Plaintiff. The recipient of the subpoena will not be required to produce the documents contained in this category.

17. **EDCF medical clinic security videos of the February 13, 2011, forced cell move of Plaintiff and regulations regarding their storage**. The first portion of this category (EDCF medical clinic security videos of the February 13, 2011, incident) is relevant and such documents must be produced to the extent not already done so. Such information shall be produced within 30 days of the date of this Order. The remainder of this category (regulations regarding the storage of such videos) is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce such regulations.

18. **All files regarding Plaintiff maintained by EDCF, HCF, and LCF**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

19. **Policies regarding outside dental services**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

20. **Post-order job duties of LCF C-1 seq. unit staff**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

21. **Names of EDCF SST personnel and EAI staff from February 13, 2011 - present and reasons for reassignment or termination**. This category is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

22. **Documentation of Plaintiff's requests to LCF staff or KDOC to reinvestigate the alleged "assault" on Plaintiff by Maddox and Maddox's "boasts" on May 24, 2011**. This category, as written, is beyond the scope of the limited issue of Maddox's qualified immunity. The recipient of the subpoena will not be required to produce the documents contained in this category.

**IT IS THEREFORE ORDERED** that the information enumerated in categories 3, 4, 5, 8, 11, 12, 13 and 17 (with the Court's stated limitations) shall be produced within 30 days of the date of this Order. The documents are to be submitted, at no cost to Plaintiff, to the undersigned Magistrate Judge, 401 N. Market, #403 U.S. Courthouse, Wichita, KS 67202, with a copy also being sent directly to Plaintiff, at no charge.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Intervention" (Docs. 103, 104), "Motion for Subpoena Service" (Doc. 105), "Notice of Subpoena Service" (Doc. 108), and "Motion for Order Compelling Production of Documents" (Doc. 121) are **DENIED as moot**. Plaintiff's multiple requests for a hearing on these issues, telephonic or otherwise, are **DENIED**. In addition, the "Motion to Quash and Objections to Subpoena" filed by non-party Raymond Roberts (Doc. 118) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 20th day of December, 2013.

                                              S/ KENNETH G. GALE
                                              Kenneth G. Gale
                                              United States Magistrate Judge