# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PATRICK LYNN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12-3104-MLB-KGG |
| vs. | ) | |
| | ) | |
| LEONARD MADDOX, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court are the following motions followed by Plaintiff in the above-captioned matter:

A. Motion for Reconsideration of KDOC IMPPs Ruling With Explanation of Relevance and Request for Orders (Doc. 139);

B. Motion for Orders Concerning Non-Party Witnesses Contact Info. and Request for Telephone Hearing Arguments (Doc. 145);

C. Motion to Compel Answers to Plaintiff's First Request for Admissions and Request for Telephone Hearing Arguments (Doc. 146).

Each motion will be discussed in turn.

## BACKGROUND

Plaintiff, who currently represents himself *pro se*, is an inmate whose claims arose while he was confined in a Kansas Department of Corrections ("KDOC")

facility. He initially brought excessive force claims, with the assistance of counsel, against two officers (Leonard Maddox and Anthony Hughes) employed at the El Dorado, Kansas, correctional facility. (*See generally* Doc. 1.) The District Court entered a Memorandum and Order granting, with prejudice, a motion to dismiss filed by Hughes and denying, without prejudice, the motion to dismiss against Maddox. (*See* Doc. 42.)

This Court recently entered an Order (Doc. 137) regarding a subpoena Plaintiff served on non-party Ray Roberts, the Secretary of the Kansas Department of Corrections, seeking various categories of documents (*see* Doc. 108, at 3-10). The discussion contained in that Order is incorporated herein by reference.

## **DISCUSSION**

**A.    Motion for Reconsideration** (Doc. 139).

In its previous Order (Doc. 137), this Court held that Secretary Roberts, recipient of the underlying subpoena, would not be required to produce the numerous internal management policies ("IMPPs") listed by Plaintiff. The Court found that Plaintiff's motion merely listed the IMPPs by number and contained no discussion of what these policies entail and/or cover. As such, the Court was unable to determine whether they are relevant to the limited issue of Maddox's qualified immunity, the sole issue remaining in this litigation.

2

Plaintiff has now provided the Court with an explanation of the topics covered by two of these IMPPs (Nos. 12-111 and 12-116) as well as a discussion of their relevance to the issue of Defendant Maddox's qualified immunity. (*See* Doc. 139, at 1-2.) Although this information should have been contained in Plaintiff's initial motion, the Court will consider it now. As such, the Court finds that IMPP Nos. 12-111 and 12-116 are relevant and **ORDERS** non-party Secretary Roberts to produce the same to Plaintiff **within 30 days** of the date of this Order. The Court notes that it is not technically reconsidering its prior ruling, but rather considering newly submitted necessary information that allows it to more fully address Plaintiff's underlying motion on its merits. The remainder of Plaintiff's motion is **denied**.

**B.     Motion for Orders Concerning Non-Party Witnesses** (Doc. 145).

In this motion, Plaintiff seeks an Order allowing him to make tape recorded telephone interviews of certain "KDOC parties," to obtain current addresses and telephone numbers of former staff of the Leavenworth Correctional Facility ("LCF"), to obtain certain log entries from LCF, and to have certain former LCF officers examine certain photographs. As an initial matter, the procedure Plaintiff has followed to obtain the requested information is improper and should not have been raised for the first time as the subject of a motion to the Court. Further,

Plaintiff has failed to establish how information regarding LCF employees and events that took place after the incident in question, are relevant to the Court's analysis of whether Defendant Maddox used excessive force on Plaintiff at the El Dorado Correctional Facility on February 13, 2011. (Doc. 1, at 4.) Plaintiff's motion is, therefore, **denied**.

The Court also notes that Plaintiff's motion contains protestations about the veracity of Defendant Maddox's responses to Plaintiff's Requests for Admissions. (Doc. 145, at 2.) Plaintiff has not, however, requested any relief from the Court in this regard. Further, the Court does not invite Plaintiff to do so as a motion to the Court is typically not the proper avenue to attack the veracity or credibility of a party's discovery responses.

**C.     Motion to Compel** (Doc. 146).

Finally, Plaintiff moves the Court "for Orders compelling the defendant to provide full and complete answers to his First Requests for Admissions and submits herewith his formal discovery request and defendant's typically evasive answers, some of which evidence perjury by defendant." (Doc. 146.) Plaintiff's motion provides nothing other than a generalized dissatisfaction for Defendant's responses. In order to succeed on a motion to compel, the moving party must establish how and why each particular response is improper. It is not the province

4

of the Court to review the discovery responses in their entirety and attempt to guess as to why Plaintiff found them to be improper or evasive. Plaintiff's motion is **denied**.

IT IS THEREFORE ORDERED that Plaintiff's "Motion for Reconsideration of KDOC IMPP's [sic] Ruling With Explanation of Relevance and Request for Orders" (Doc. 139) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Orders Concerning Non-Party Witnesses Contact Info. and Request for Telephone Hearing Arguments" (Doc. 145) and "Motion to Compel Answers to Plaintiff's First Request for Admissions and Request for Telephone Hearing Arguments" (Doc. 146) are **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 14th day of January, 2014.

                                       S/ KENNETH G. GALE
                                       Kenneth G. Gale
                                       United States Magistrate Judge