## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

```
PATRICK C. LYNN,              )
                              )
                 Plaintiff,   )     CIVIL ACTION
                              )
v.                            )     No.  12-3104-MLB
                              )
LEONARD MADDOX,               )
                              )
                 Defendant.   )
                              )
```

## MEMORANDUM AND ORDER

This case comes before the court on defendant's motion to strike plaintiff's response. (Doc. 168). The motion has been fully briefed and is ripe for decision. (Doc. 170).

### I.  Facts and Procedural History

Plaintiff, a prisoner, contends that defendant Maddox, a guard, violated his Eighth Amendment right to be free from excessive force. The complaint alleges that defendant kneed plaintiff in the mouth resulting in injuries to plaintiff's teeth. On May 1, 2013, the court denied defendant's motion to dismiss. The parties proceeded to discovery and the dispositive motion deadline was set for March 7, 2014. In anticipation of that deadline, plaintiff filed a "Response and Supporting Arguments that Defendant is Absolutely Not Entitled to Qualified Immunity." (Doc. 160). Two days later, defendant submitted his motion for summary judgment.

On March 13, 2014, plaintiff sought additional time to file a response to defendant's motion. The court granted the request and ordered plaintiff to comply with Rule 56. The court notified plaintiff that failure to comply may result in sanctions and/or

dismissal. (Doc. 167). Plaintiff sought additional extensions and ultimately filed a response and memorandum (Docs. 185, 186). Plaintiff's response, however, does not comply with Rule 56. In his response, plaintiff fails to respond to defendant's statement of facts.

**II. Analysis**

Defendant moves to strike plaintiff's premature response on the basis that it is immaterial and redundant, citing Fed. R. Civ. P. 12(f). Rule 12(f) provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter." Because striking an entire pleading is a drastic remedy, motions to strike under Rule 12(f) are generally disfavored. Thompson v. Jify Lube Int'l, Inc., No. 05-1203, 2005 WL 2219325, at *1 (D. Kan. Sept. 13, 2005); Pencro Assoc., Inc. v. Sprint Corp., No. 04-2459, 2005 WL 950626, at *1 (D. Kan. Apr. 25, 2005); Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215-16 (D. Kan. 1998).

There is no provision in the rules for filing a response prior to an opposing party filing a motion. While plaintiff is proceeding pro se, he is not unfamiliar with this court's rules and the Federal Rules of Civil Procedure. In this district alone, plaintiff has filed 15 cases. After a review of those cases, it is clear that plaintiff understands that filing a response is not appropriate until the opposing party has properly filed a motion. Therefore, the court will not consider plaintiff's premature response.

**III. Conclusion**

Defendant's motion to strike is denied as moot. (Doc. 168).

Plaintiff must file a response to defendant's motion for summary

judgment that complies with the rules of this court and Rule 56 by January 5, 2015. Plaintiff's <u>pro se</u> status does not relieve him of his obligation to follow procedural rules. The January 5 date will not be extended for any reason. Plaintiff's response will be limited to 15 double-spaced pages in <u>legible</u> writing. Tiny writing such as plaintiff used in Doc. 185-1 is unacceptable. Any exhibits must comply with the rules and cannot contain argument, nor may they be used to circumvent the page limit for the response.

The response must address defendant's statement of facts. Any fact which is not properly controverted by plaintiff will be deemed uncontroverted. Plaintiff may set forth an additional statement of facts if he deems it necessary. Plaintiff's response to defendant's statement of facts and additional facts, if any, shall not contain argument. Plaintiff may also include an argument section in his response. The response will be limited to the issue of qualified immunity. The facts and arguments contained in Docs. 185 and 186 adequately address the issue of exhaustion and the court requires no further briefing on the issue.

Failure by plaintiff to comply with the procedural requirements of this order will result in dismissal of this case, with prejudice, without further notice. Plaintiff previously has been admonished in this regard. (Doc. 167).

IT IS SO ORDERED.

Dated this __2nd__ day of December 2014, at Wichita, Kansas.

    s/ Monti Belot
    Monti L. Belot
    UNITED STATES DISTRICT JUDGE