# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK LYNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-3104-MLB-KGG |
| vs. ) | |
| ) | |
| LEONARD MADDOX, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### ORDER DENYING VARIOUS MOTIONS
(DOCS. 189, 190, 191, 192, 199, 200)

Before the Court are six related procedural motions filed by the Plaintiff, appearing *pro se*. For the reasons stated below, the motions are **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

This is an action against Defendant Maddox, a Correctional Officer at the El Dorado Correctional Facility, arising out of an alleged 2011 excessive force injury. The incident at issue occurred when the Plaintiff was being moved from his cell. The Plaintiff was an inmate at that facility, and remains an inmate at a different State of Kansas facility at Lansing.

In the pending motions the Plaintiff alleges that on September 29 and 30, 2014, while he was in the Lansing facility's infirmary receiving medical care, certain facility officers intentionally and maliciously destroyed or disorganized his legal files relating to this case and to other legal matters. He does not allege that Defendant Maddox was involved in this event, but rather alleges that the actions were retaliation for grievances he has filed against other officers at the Lansing facility. He claims that the event has made it difficult or impossible to proceed in

this case and, together with other challenges at the facility, difficult to file responses to the pending motion for summary judgment.

As a result of this alleged event, the Plaintiff filed the following motions between October 14 and November 4, 2014;

Docket No. 189. A motion that this Court hold a telephone hearing and ultimately schedule an evidentiary hearing on the alleged September 2014 incident (hereafter the "alleged incident") for the purpose of holding the responsible officials "accountable" for the retaliatory action;

Docket No. 190. A motion for the Court to order that a video recording be made of the condition of his files to support the filing of a "supplemental suit" arising out of the incident and to support criminal charges against the officials;

Docket No. 191. A motion to order the safekeeping of security camera tapes from the time of the alleged incident, and an order allowing the Plaintiff to purchase copies, to support either a supplemental or separate action; and

Docket No. 192. A motion to hold a hearing concerning this incident, and to stay the current case until the "criminal abuses of authority" by officials are resolved. Also to issue an order barring any searching or "pack out" of Plaintiff's property without the presence of a shift Lieutenant and video record.

Oddly, the Defendant did not file responses to these motions. On November 13, 2014, this Court took the motions under advisement and ordered (Doc. 193) the Defendant to file a response, which he did on November 21 (Doc 195). The Plaintiff filed a motion to strike this response (Doc. 197) which this Court denied (Doc. 202). The Plaintiff also filed a reply to the Defendant's response (Doc. 196) which this Court has considered.

When this Court ordered Defendant to file a response (Doc. 193) the Court also ordered that any further submissions by the Plaintiff concerning these issues would be limited to the filing of a reply.  Notwithstanding this admonition, the Plaintiff has filed the following additional motions:

Docket No. 199.  A motion to file a supplemental or amended complaint alleging an action based on the alleged incident (and presumably adding as defendants those persons Plaintiff claims are responsible.)

Docket No. 200.  Another motion to stay this case until an evidentiary hearing can be held on the alleged incident.

## RULINGS

**Request to Amend the Complaint and Add Parties (Doc. 199).**

The September 2014 incident, although Plaintiff claims it resulted in a diminished ability to prosecute this case, is otherwise unrelated to this litigation.  It is a separate incident, not involving the Defendant.  These cases have no common facts or parties, except the Plaintiff himself.  The litigation of the present case is mature, with a motion for summary judgment pending.  The new parties are not among those required to be joined under Fed. R. Civ. Proc. 19. The fairness and efficiency of the present case would be severely harmed if the Plaintiff was allowed to delay it by beginning, within this case, an entirely new action arising out of unrelated facts against new parties.  The Motion to Amend the Complaint is **DENIED**.

**Evidentiary Hearing and Orders for the Preservation of Evidence (Doc. 189, 190, 191, 192).**

Because the alleged incident will not be litigated in this case, it is not appropriate for the Court to allow discovery, conduct a hearing, or order the preservation of evidence for a future lawsuit not before this Court.  It is certainly not within this Court's purview to conduct a hearing

as an investigation into possible collateral criminal claims. Motions requesting that relief are **DENIED.**

**Request to Stay Proceeding in this Case (Doc. 192, 200).**

Because the Court is not allowing the amendment of the complaint to include claims arising out of the alleged incident, or discovery into that matter in this case, the stay of this matter to allow hearings or investigations in unnecessary. The Court notes that the Plaintiff also moved for additional time until January 2 to respond to the pending motion for summary judgment (Doc. 198) to compensate for delay caused by the interference with the Plaintiff's legal documents. The District Judge's recent Order requiring the Plaintiff to file his additional response by January 5, 2015, in effect provides that relief. The motions to stay the case are **DENIED**.

It is, therefore, Ordered that Plaintiff's Motions (Docs. 189, 190, 191, 192, 199 and 200) are hereby **DENIED**.

IT IS SO ORDERED.

ss/  Kenneth G. Gale
Kenneth G. Gale
United States Magistrate Judge